IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT BRECKENRIDGE PORTER,

     Petitioner,            No. 2:11-cv-0206 JFM (HC)

  vs.

MICHAEL BABCOCK,[1]

     Respondent.            ORDER

_____/

        Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c).

        Petitioner challenges rules of the Federal Bureau of Prisons (BOP) that "categorically" disqualify inmates convicted of possession of a firearm from the one year sentence reduction provided by 18 U.S.C. § 3621(b) to qualified inmates who successfully complete a Residential Drug Abuse Program (RDAP). Respondent contends that the court lacks subject matter jurisdiction over the petition, that petitioner is not eligible for review in

---

[1] Michael Babcock, the present Warden of FCI Herlong is hereby substituted in as respondent in place of former Warden Richard Ives. See Respondents' Response to Porter's Petition Under 28 U.S.C. § 2241, filed June 28, 2011, at 2.

1

accordance with the decision of the United States Court of Appeals for the Ninth Circuit in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), and that petitioner has no liberty interest in early release.

The background of the early release program implicated by the matters at bar was recently set forth in an opinion from the United States District Court for the District of Oregon, as follows:

> In 18 U.S.C. §§ 3621–3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for "eligible prisoners." The program the BOP created to satisfy this mandate is the Residential Drug Abuse Program ("RDAP").
>
> In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP. 18 U.S.C. § 3621(e)(2).FN1 The statute does not define "non-violent offenses."
>
>> FN1. Section 3621(e)(2) specifies in relevant part:
>> (A) Generally. Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau deems appropriate.
>> (B) Period of Custody. The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."
>
> Beginning in 1995, exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations

and internal agency guidelines for administering the early release incentive for non-violent offenders. FN2 These regulations and guidelines have excluded inmates convicted of a felony involving a firearm from eligibility for early release under § 3621(e)(2). The substantive and procedural validity of the BOP's categorical exclusion of inmates from eligibility for early release have been challenged in court repeatedly.

> FN2. The regulations and internal guidelines relevant to this action include: 28 C.F.R. § 550.55(b)(5)(ii) (2009); Program Statement P5331.02 and P5162.05 (effective March 16, 2009).

The Ninth Circuit upheld the substantive validity of 28 C.F.R. § 550.58(a)(1)(vi)(B) in Bowen v. Hood, 202 F.3d 1211 (2000).FN3 The circuit court held the categorical exclusion of certain inmates from early release eligibility was a proper exercise of the BOP's discretion under the statute, and stated: "we see nothing unreasonable in the Bureau's making the common-sense decision that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in their felonious employment, even if they wound up committing a nonviolent offense this time." Id. at 1119. The following year, the Supreme Court upheld the substantive validity of the BOP's categorical exclusion of inmates from eligibility for early release in Lopez v. Davis, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). Finding 28 C.F.R. § 550.58(a)(1)(vi)(B) was a proper exercise of the Bureau's discretion under the statute, the Court stated:

> FN3. 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii) (2009).

> [T]he Bureau need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb.
>
> * * * * *
>
> [T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau. [T]he Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility.

Id. at 243–244, 121 S.Ct. 714. The Court also held the "Bureau reasonably concluded than an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests

his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id.

In Lopez, the Supreme Court did not address the procedural validity of the categorical exclusions under the APA. Id. at 244 n. 6, 121 S.Ct. 714 (notice and comment requirement "not raised or decided below, or presented in the petition for certiorari."). In the Ninth Circuit, however, the BOP's regulations and related program statements have been invalidated under § 706(2)(A) of the APA. Section 706(2)(A) specifies a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

II. Ninth Circuit Litigation Under 5 U.S.C. § 706(2)(A).
A. 1995 Rule—28 C.F.R. § 550.58(a) (1995).
In § 550.58 and Program Statement P5162.02, an accompanying internal agency guidelines, the BOP defined which inmates had been convicted of "crimes of violence" and would therefore be excluded from eligibility for early release. "Felon firearm possession" was categorized as a crime of violence rendering inmates ineligible for early release. In Davis v. Crabtree, 109 F.3d 566, 568–70 (9th Cir.1997)(inmate convicted of being felon in possession of a firearm), the Ninth Circuit held that the offense "felon in possession of firearm" had to be regarded as a nonviolent offense for purposes of § 3621(e) sentence reduction, and therefore the regulation was invalid. The court stated: "the BOP may not interpret the term "nonviolent offense" to exclude the offense of felon in possession of a firearm. We are bound by Downey [ v. Crabtree, 100 F.3d 662 (9th Cir.1996)(crime of violence does not encompass felon firearm possession under Ninth Circuit law) (citing cases) ]." Davis, 109 F.3d at 568–70.

B. 1997 Interim Rule.
Responding to a Circuit split on the question of the substantive validity of the 1995 regulations, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B) (1997). In this rule, the BOP relied on the Director's discretion under the statute to categorically exclude inmates convicted of certain offenses from early release eligibility, including those with offenses involving the carrying, possession, or use of firearms, instead of relying on an interpretation of the statutory language "non-violent offenses" as it had in the 1995 rule. In Paulsen v. Daniels, 413 F.3d 999 (9th Cir.2005), the Ninth Circuit found the BOP violated the APA in promulgating the 1997 interim rule because (1) the interim regulation was made effective prior to its publication in the Federal Register; and (2) although the BOP solicited comments, the comments were not taken into account prior to the regulation being made effective.FN4

> FN4. Under the APA, agencies issuing rules must: (1) publish notice

4

of the proposed rule-making in the Federal Register; (2) provide a period of comment on the proposed rule and consider comments submitted during the period before adopting the rule; and (3) publish the adopted rule not less than thirty days before its effective date. 5 U.S.C. § 553(b)-(d).

C. 2000 Final Rule.

In December 2000, respecting the notice and comment requirement under § 553 of the APA, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000), a final regulation that was identical to the 1997 interim rule. In Arrington v. Daniels, 516 F.3d 1106 (9th Cir.2008) the Ninth Circuit invalidated the rule under § 706(2)(A) of the APA. The Ninth Circuit found the first rationale identified by the lower court as a basis for categorical exclusion—the increased risk that offenders with convictions involving firearms might pose to the public—was "entirely absent from the administrative record." Arrington, 516 F.3d at 1113. The court noted,

> the Bureau articulated this rationale in its brief to the Supreme Court in Lopez ... and is precisely the type of post-hoc rationalization ... that the [court is forbidden] to consider in conducting review under the APA.
>
> Because no public safety rationale is present in the administrative record, the district court erred in relying on this explanation as a basis for its conclusion that the final rule withstands arbitrary and capricious review.

Id. The Ninth Circuit also found the second rationale proffered by the BOP, need for uniformity, did not justify a categorical exclusion of prisoners with non-violent convictions involving firearms instead of a categorical inclusion of prisoners with nonviolent convictions involving firearms. Id. at 1114. The court found the BOP had not explained why, in seeking uniformity, it chose to exclude prisoners rather than include them. Id.

In a separate challenge to the 2000 Final Rule, this time contesting the BOP's consideration of prior convictions in eligibility determinations without regard to how long ago they occurred, codified at 28 C.F.R. § 550.58(a)(1)(iv), the Ninth Circuit again invalidated the rule under § 706(2)(A). Crickon v. Thomas, 579 F.3d 978, 985–87 (9th Cir.2009). The court found:

/////

>> Despite issuing three interim rules and receiving comments relating to the use of prior convictions in response to at least two of these three rules, the BOP never identified, explained, or analyzed the factors it considered in crafting the categorical exclusion [based on prior convictions].
>
> * * * * *
>
> [A]lthough the BOP provided a limited explanation for its decision to include all prior convictions without temporal restriction, see 65 Fed. Reg. at 80746, the reasoning articulated by the BOP is cursory and nonresponsive to the comments.
>
> Because the BOP failed to articulate in the administrative record the rationale underlying its decision to adopt a categorical exclusion of inmates with specific prior convictions, we conclude that the BOP's promulgation of the categorical exclusion in 28 C.F.R. § 550.58(a)(1)(iv) did not comply with the APA. See Arrington, 516 F.3d at 1114 (requiring articulation of agency rationale).

Id.

> As a result of the Davis and Arrington decisions, the BOP promulgated new interim rules governing early release eligibility. In January 2009, the BOP promulgated a final rule, and again relied on the discretion of the Director under the governing statute, as recognized in Lopez, to categorically exclude inmates convicted of certain offenses.FN5 . . . [See] 28 C.F.R. § 550.55(b)(5)(ii), . . . .
>
>> FN5. In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006. 74 FR 1892–01, 2009 WL 76657 (January 14, 2009.) The 2009 rules are applicable to all inmates applying to RDAP after March 16, 2009.

Peck v. Thomas, 787 F.Supp.2d 1145, 1147-1150 (D.Or. 2011). By this action, petitioner challenges the 2009 Rule, which again disqualifies inmates convicted of possession of a firearm from the one year sentence reduction upon successful completion of RDAP, contending that the new rule suffers from the "same infirmities" as those rejected by the Davis and Arrington courts.

/////

As the Peck court found, in promulgating the 2009 rule the BOP did articulate in the administrative record "its rationale for excluding inmates with firearm offenses from early release eligibility." Peck, at 1153-54 (citing Fed. Reg. 74, 1892, 1895 (Jan. 14, 2009)). The Director expressly relied on both the "'the correctional experience of the Bureau'" and the findings of the United States Supreme Court in Lopez that "'the offense conduct of both armed offenders and certain recidivists suggest that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms'" and inmates who possessed a firearm in connection with their commitment offense "'displayed a readiness to endanger another's life.'" Peck at 1153 (quoting Fed. Reg. 74, 1892, 1895 (Jan. 14, 2009)). Given the narrow review of, and broad deference afforded to, agency action under 5 U.S.C. § 706, this court agrees with the Peck court that the promulgation of the 2009 rule did not violate the APA. For that reason, petitioner's application for a writ of habeas corpus should be denied.[2]

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

DATED: May 2, 2012.

UNITED STATES MAGISTRATE JUDGE

12
port206.hcden

---

[2] Citing Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011), respondent contends that this court lacks subject matter jurisdiction over the petition. In Reeb, the United States Court of Appeals for the Ninth Circuit held that "18 U.S.C. § 3625 precludes judicial review under the Administrative Procedure Act ("APA") of the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621." Reeb, 636 F.3d at 1225. While this court does have jurisdiction over petitioner's challenge to the validity of the 2009 Rule, see Reeb at 1228 n.5, pursuant to the holding of Reeb any individualized determination in petitioner's case is outside the scope of this court's jurisdiction.